UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY GRIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0494-B |
| | § | |
| LOUIS DE JOY, in his official | § | |
| capacity as POSTMASTER | § | |
| GENERAL of the UNITED STATES | § | |
| POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is a Motion to Dismiss (Doc. 9) by Defendant Louis De Joy, in his official capacity as Postmaster General of the United States Postal Service ("USPS"). Having reviewed the briefing and applicable law, the Court **GRANTS** USPS's Motion. The Court **DISMISSES** this action **with prejudice**.

## I.

## BACKGROUND

This is an employment dispute between Plaintiff Danny Griggs and his employer, USPS, for allegedly discriminatory conduct. Griggs claims that he was subject to unspecified workplace harassment while employed at USPS. Doc. 1, Compl., 2-3. As alleged, certain USPS employees harassed Griggs to the extent that he required medical attention "for stress," including "therapy and other medical treatments." *Id.* Griggs was then placed on "light duty," which limited Griggs's total working hours, resulting in less compensation. *Id.*

Griggs first initiated an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* Griggs's Complaint indicates that this suit "should be considered an appeal" of the unfavorable decision reached by the EEOC. *Id.* at 3-4. While Griggs provides little information of that administrative process, he references certain EEOC administrative case numbers. *Id.* at 3. Those documents, in turn, indicate that he first filed a formal complaint in 2018, that an EEOC administrative judge issued a summary judgment decision against Griggs in April 2023, that Griggs appealed that decision to the EEOC in May 2023, and that the EEOC affirmed that summary judgment decision in November 2023. *Lonny H. v. U.S. Postal Service*, EEOC Appeal No. 2023003240 (Nov. 6, 2023). Griggs timely requested that the EEOC reconsider its decision, but the agency upheld its prior decision in a release issued on May 13, 2024 ("Reconsideration Decision"). *Lonny H. v. U.S. Postal Service*, EEOC Request No. 2024001750 (May 13, 2024). The Reconsideration Decision includes a notice of "COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION" which noted that the decision was "final" with no other right of administrative appeal and provided Griggs a right to file a civil action in the appropriate federal district court "within ninety [90] calendar days from the date" Griggs received the Reconsideration Decision. *Id.* at 3. Notably, Griggs states that he received the Reconsideration Decision on May 18, 2024. Doc. 1, Compl., 2.

On August 12, 2024, Griggs first filed a civil action to appeal the EEOC's Reconsideration Decision, in a federal case before Judge Ed Kinkeade in this district. *Id.*; *see generally* Compl., *Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 1. On November 21, 2024, after Griggs attempted to move for default before serving process on any defendant, Judge Kinkeade declined to consider default judgment and ordered Griggs to effectuate proper service. *See* Order,

*Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 9. One week later, Griggs again attempted to move for default without service, and Judge Kinkeade—for the second time—ordered Griggs to effectuate service. *See* Order, *Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 11. Yet Griggs still failed to attempt service on any defendant. On January 6, 2025, Judge Kinkeade—for the third time—ordered Griggs to effectuate service. *See* Order, *Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 12. Yet Griggs once again failed to respond or effect service, so on January 10, 2025, Judge Kinkeade dismissed the action without prejudice. *See* Order, *Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 13.

Griggs filed the present action on February 27, 2025. *See generally* Doc. 1, Compl. USPS filed its Motion on May 27, 2025, seeking dismissal because Griggs fails to state a valid claim for discrimination and because Griggs failed to timely initiate this lawsuit. Doc. 9, Mot. Dismiss, 2. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.

## ANALYSIS

USPS argues that Griggs's sole claim for discrimination should be dismissed with prejudice due both to pleading deficiencies and for failing to timely file a civil action within the EEOC's 90-day right to file period. Because the Court finds that Griggs's action is not timely, it addresses only USPS's second argument here and **DISMISSES** Griggs's action with prejudice.

A.    *Griggs's Discrimination Claim is Untimely*

Where an employee seeks judicial review of an EEOC final decision on appeal, he must file that suit within 90 days of the EEOC's decision. 42 U.S.C. § 2000e-16(c).; *see also* 29 C.F.R. § 1614.407(c). "The ninety-day window is strictly construed and is a precondition to filing suit in district court," *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (internal quotations and citation omitted), and the clock begins running on the date that the EEOC decision is *delivered*, *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). "When the date on which a [decision] was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). And in this Circuit, courts routinely "dismiss[] cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.*

Here, the EEOC issued the Reconsideration Decision on May 13, 2024. *See Lonny H. v. U.S. Postal Service*, EEOC Request No. 2024001750 (May 13, 2024). In his complaint, Griggs alleges receipt of that decision on May 18, 2024. Doc. 1, Compl., 2. As such, he was required to file suit by August 16, 2024, *see* § 1614.407(c), and the present suit—filed six months after the deadline on February 27, 2025—is untimely.

Griggs asserts that the proper filing date this Court should consider is August 12, 2024, when he filed the first action. Doc. 16, Resp., 4-5. But when an earlier action is dismissed, even without prejudice, it is not dismissed "without consequence" where the applicable limitations period has since expired. *Reyes v. Comm'r of Soc. Sec. Admin.*, No. 3:24-CV-02063-BJ, 2024 WL 5454637, at *4 (N.D. Tex. Nov. 7, 2024) (Cureton, Mag. J.). Absent equitable tolling, a later-filed action does not relate back to a prior lawsuit's filing date, because the earlier dismissal treats the earlier suit as if it never existed. *Villarreal v. JP Morgan Chase Bank, Nat'l Ass'n*, No. CV M-09-141, 2010 WL 11575588, at *3 (S.D. Tex. July 5, 2010); *see Johnson v. Lamartiniere*, 387 Fed. Appx. 470, 472 (5th Cir. 2010) (per curiam) (noting that while amendments to a current pleading can "relate back to the date of the filing of the original, pending pleading" subsequent complaints do not relate back to prior complaints that have been dismissed). Thus, absent any tolling, Griggs's filing was not timely.

While equitable tolling can provide a basis for a later-filed action to relate back to the filing date of an earlier action, *see Villarreal*, 2010 WL 11575588, at *3, it is available only where a plaintiff "has actively pursued judicial remedies" and "exercised due diligence," *see Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *see Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 331 (5th Cir. 2024) (per curiam) ("equitable tolling may apply where the claimant has vigorously pursued [his] action, but has inadvertently missed [the] deadlines") (citations omitted). Here, Griggs's prior suit was dismissed because even after five months and three separate orders by the presiding judge, Griggs failed to serve process on the defendant. *See* Order, *Griggs v. De Joy*, No. 3:24-cv-02037-K (N.D. Tex. Aug. 12, 2024), ECF No. 13 (finding that Griggs entirely "failed to comply" with the court's orders and was not communicating with the court). Therefore, Griggs has not "exercised due diligence" and is not entitled to equitable tolling.

In his response brief opposing dismissal, Griggs argues for the first time—directly contradicting his own complaint—that he never received a copy of the Reconsideration Decision. Doc. 16, Resp., 3. As an initial matter, the Court need not consider Griggs's last-ditch efforts to counteract the effects of his own allegations to avoid dismissal. *See Johnson v. Union Pac. R.R.*, No. 4:17-CV-00630-O-BP, 2018 WL 1388596, at *3 (N.D. Tex. Feb. 23, 2018) (Ray, Mag. J.) ("[A] plaintiff cannot add factual allegations to his complaint by way of his response to a motion to dismiss."), *report and recommendation adopted*, No. 4:17-CV-00630-O-BP, 2018 WL 1368924 (N.D. Tex. Mar. 15, 2018) (O'Connor, J.). But even were the Court to consider these new assertions, it would not affect the outcome. In his Complaint, Griggs stated that he received the Reconsideration Decision on May 18, 2024. Doc. 1, Compl., 2. Now, Griggs claims he did not receive it, and in support of his new position, Griggs attaches a filing made in a *different* EEOC administrative proceeding in June 2024.[1] Doc. 16, Resp., 14. However, nothing in that document states or implies that Griggs did not receive the Reconsideration Decision. Moreover, even if receipt, or the date of receipt, was disputed or unknown, the Court would presume a date up to seven days after it was mailed by the EEOC. *See Taylor*, 296 F.3d at 379. Griggs does not allege, and the Court has no basis to assume, that the decision was never mailed. Nor does the Court assume the EEOC waited *six months* after issuance to do so, as would be required to make Griggs's February filing date timely.

Because Griggs did not file his complaint until February 2025, he did not do so within the 90-day limitations period after receipt of the Reconsideration Decision. Accordingly, the Court dismisses this action with prejudice.

---

[1] The Court notes that the EEOC case number on Griggs's attachment to its Response Brief is different from the case identified as on appeal through this action in the Complaint. *Compare* Doc. 1, Compl. 3; *with* Doc. 16, Resp., 4.

## IV.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED**, and Griggs's discrimination claim against USPS is **DISMISSED with prejudice**.

 

 

SO ORDERED.

SIGNED: November 19, 2025.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE